UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY LEE TOWNSEND,

    Petitioner,

vs.

DERRAL ADAMS, Warden,

    Respondent.

No. C 07-4904 PJH (PR)

**ORDER TO SHOW CAUSE; ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at Corcoran State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

A jury convicted petitioner of receiving stolen property and use of a stolen access card. With enhancements for prior convictions, he was sentenced to prison for twenty-five years to life. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases in the Federal District Courts, 28 U.S.C. foll. § 2254.

**B.  Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) The trial court's use of CALJIC 2.15, which allows an inference of guilt from possession of stolen property and only slight corroborating evidence, violated his due process rights; and (2) his due process rights were violated when the trial court allowed him to be impeached by all of his prior convictions, rather than limiting the number which could be used, and that court's failure to sanitize the conviction for robbery with use of a firearm. These claims are sufficient to require a response.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
2  the court and serving it on respondent within thirty days of his receipt of the answer.

3    4. Respondent may file a motion to dismiss on procedural grounds in lieu of an
4  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
5  Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court
6  and serve on respondent an opposition or statement of non-opposition within thirty days of
7  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
8  within fifteen days of receipt of any opposition.

9    5. Petitioner is reminded that all communications with the court must be served on
10  respondent by mailing a true copy of the document to respondent's counsel. Petitioner
11  must keep the court informed of any change of address and must comply with the court's
12  orders in a timely fashion. Failure to do so may result in the dismissal of this action for
13  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v.*
14  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

15  **IT IS SO ORDERED.**
16  Dated: September 28, 2007.

                                        PHYLLIS J. HAMILTON
                                        United States District Judge

28  G:\PRO-SE\PJH\HC.07\TOWNSEND4904.OSC.wpd

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28